UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------x
ESSA M. ALI                                          :
and ESSA DELI GROCERY,
                                                     :         ORDER TO SHOW CAUSE

                              Plaintiffs,            :         Case No.:

       -against-
                                                     :

UNITED STATES OF AMERICA,
UNITED STATES DEPARTMENT OF                          :
AGRICULTURE, FOOD AND NUTRITION
SERVICE,                                             :

                              Defendants.            :
---------------------------------------------------------x

On motion of the Plaintiffs for an Order to Show Cause why a preliminary injunction shall not issue against the Defendants, UNITED STATES OF AMERICA, DEPARTMENT OF AGRICULTURE, FOOD AND NUTRITION SERVICE and upon the declaration of ESSA M. ALI, dated January 13th, 2021, the Declaration in Support of JESS M. BERKOWITZ, ESQ., dated January 24, 2021 and in consideration of Plaintiffs' Summons and Complaint, documentary evidence and Exhibits, hereto attached and made part hereof, it is

ORDERED, that the above-named Defendants Show Cause before this Court at Room ___ in the United States District Court for the Southern District of New York, located at 100 Pearl Street, New York, New York, on the _____ day of _____, 2021, at ___ o'clock in the _____ noon, or as soon thereafter as counsel can be heard, in, **WHY** an preliminary injunction should not be issued enjoining and restraining the UNITED STATES OF AMERICA, DEPARTMENT OF AGRICULTURE, FOOD AND NUTRITION SERVICE from disqualifying the Plaintiffs from participating in the Supplemental Nutrition Assistance Program for a period of six (6) months, pending the disposition by this Court of the issues at a trial herein, requesting this Court

1

to set aside such determination, and it is further,

ORDERED , that a copy of this Order to Show Cause, together with a copy of the attached papers upon which it is granted, be served upon the United States Attorney for the Southern District of New York, at No. 86 Chambers Street, New York, New York 10007, by email or overnight delivery, on or before the _____ day of January, 2021, before 5:00 p.m., that Defendant's answering papers, if any, shall be served upon the attorney for the Plaintiff, JESS M. BERKOWITZ, ESQ., by email at Jessberkowitzesq@aol.com or at 401 Broadway, Room 806, New York, New York 10013, and filed with the Court on or before the __ day of _____, 20201 and that such service be deemed good and sufficient.

Dated:  Brooklyn, New York
        January     2021

                                                                        JUDGE OF THE UNITED STATES
                                                                              DISTRICT COURT

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
ESSA M. ALI and
ESSA DELI GROCERY,                                          CIVIL ACTION NO.

                Plaintiffs,

      -against-                                          <u>DECLARATION IN SUPPORT</u>

UNITED STATES OF AMERICA,
UNITED STATES DEPARTMENT OF AGRICULTURE,
FOOD AND NUTRITION SERVICE,

                Defendants,
------------------------------------------------------------x

      The Plaintiffs move and petition this Court for an order pursuant to 7 U.S.C. Section 2023(17), temporarily restraining and enjoining the Defendants, UNITED STATES OF AMERICA, UNITED STATES DEPARTMENT OF AGRICULTURE, FOOD AND NUTRITION SERVICE, from disqualifying the Plaintiffs from participation in the SUPPLEMENTAL NUTRITION ASSISTANCE PROGRAM as a retail food establishment for a period of six (6) months pending disposition by this Court of the issues to be resolved at a trial for judicial review requesting this Court to set aside such determination of Defendants.

      In support of this motion for such a stay, the Plaintiffs, by their attorney, JESS M. BERKOWITZ, and declarant herein, sets forth the following:

      1. Annexed hereto and made a part hereof is a copy of the Summons and Complaint, with Exhibits annexed thereto. The original of said Summons and Complaint is filed simultaneously herewith, and a copy of same shall be served upon the Defendant's counsel, the UNITED STATES ATTORNEY FOR THE SOUTHERN DISTRICT OF NEW YORK, together with service of this Order To Show Cause, seeking hearing to request the issuance of a temporary restraining order to stay the disqualification of Plaintiff from participation in the

Supplemental Nutrition Assistance Program

2. The Plaintiffs own and operate a retail food or grocery store business at premises No. 66 Avenue C, New York, New York 10009. On or about March, 2014, the Plaintiff, ESSA M. ALI, established this retail business, and invested his savings for the purpose of renovating said store and for the installation of furnishings, fixtures and equipment necessary for the operation of a retail grocery store. In addition, said Plaintiffs became personally indebted for the purchase of the merchandise inventory and stock-in-trade sold in said store.

3. All debts have been paid by the Plaintiff, but the Plaintiff, ESSA M. ALI, has not yet recaptured his investment. There is currently a lease for said store premises which terminates in the year 2024, which contains an option to re-new for five (5) years, and said Plaintiff is personally responsible and liable for the payment of all rents and charges set forth therein. The present base monthly rental together with additional charges such as real estate tax, water and sewer charges amounts to $ 2,500.00.

4. After establishing this business, the Plaintiff submitted an application, in March, 2014, to the United States Department of Agriculture, Food and Nutrition Service for authorization to participate as a retail vendor in the Food Stamp Program/Supplemental Nutrition Assistance Program. The Plaintiff's application was approved by the Defendants in May, 2014. Prior to the incidents that gave rise to this proceeding, the Plaintiffs' performance and record in the Food Stamp Program, Supplemental Nutrition Assistance Program has been exemplary and unblemished.

5. By letter dated August 18, 2016, annexed hereto as Exhibit "A", the Defendants informed the Plaintiffs that they were charged with violating Section 278.2(a) of Supplemental

Nutrition Assistance Program (SNAP) regulations as a result of accepting Supplemental Nutrition Assistance Program Benefits in exchange for merchandise, which, in addition to eligible foods, include common non-food items on four (4) separate occasions, to wit, August 30, 2017, August 31, 2017, August 31, 2017 and September 1, 2017, and as a result, the Plaintiffs' business was being considered for disqualification from the Supplemental Nutrition Assistance Program for a period of six (6) months, or the imposition of a civil money penalty, if applicable, in lieu of the disqualification.  A copy of said Transaction Reports are annexed hereto and marked Exhibit "B".

      6.  By letter dated October 13, 2020, the Section Chief, Retailer Operations Division of the USDA, Food and Nutrition Service, Supplemental Nutrition Assistance Program, Marchee Briant, issued a determination that the Plaintiffs should be disqualified from participation in the Supplemental Nutrition Assistance Program for a period of six (6) months as a result of the violations set forth in the letter of charges and Transaction Reports, copy annexed hereto as Exhibit "C".

      7.  By letter dated October 18, 2020, Plaintiff, ESSA M. ALI, through his attorney, Jess M. Berkowitz, requested an Administrative Review of the determination to disqualify the Plaintiffs from participation in the Supplemental Nutrition Assistance Program for a period of six (6) months, copy of said letter is annexed hereto as Exhibit "D".

      8.  The Defendants have now rendered a decision to disqualify the Plaintiffs from participation in the Supplemental Nutrition Assistance Program for a period of six (6) months as a result of alleged sales of ineligible items in exchange for Electronic Benefit Transfer Food Benefits as contained in a Final Agency Decision letter dated December 29, 2020, a copy of which is annexed to the Complaint in this action as

Exhibit "E". The Plaintiffs have at all times and continue to deny the allegations contained in the letter of charges and the Transaction Reports.

9. This retail food business owned and operated by the Plaintiffs sells basic staple food products, namely, meat, poultry, cheese, eggs and produce, and many other food products purchased by residents in the community.

10. The business does average monthly sales of approximately $21,000.00. During the course of each month Supplemental Nutrition Assistance Program Benefits (EBT) redemptions are approximately $ 7,000.00, or thirty (30%) percent of gross sales. Therefore, without the Supplemental Nutrition Assistance Program Benefits the food sales would be reduced to $ 14,000.00. The resulting loss of gross profits to this business will place said business in a state of insolvency as the profit margin for this business is approximately one third of gross sales. By virtue of the nature of the community in which the Plaintiffs' business is situated this business cannot survive without receipt of the Defendants' Electronic Benefit Food Benefits.   In addition, it cannot be specifically calculated as to the amount of sales that are generated by SNAP customers who also purchase items for cash when they shop in the Plaintiffs' store because it is authorized under the "Program."

11. In the operation of this business the Plaintiffs incur the following fixed monthly expenses:

```
Rent ……………………………………………..$ 2,900.00
Insurance……………………………………………100.00
Utilities..……………………………………….....…1,200.00
Telephone…………………………………………….100.00
Garbage Removal……………………………….......25.00
Extermination Services…………………………......100.00
Bookkeeping and Accounting……………………...75.00
Payroll.................................................................2,500.00
```

        TOTAL MONTHLY EXPENSES        $   7,000.00

      12. If the Plaintiff is denied the privilege to participate in SNAP and redeem these Benefits which amount to $ 7,00.00, approximately, thirty (30%) percent of gross sales per month, their gross profit will be reduced substantially per month. If the Plaintiff are denied their privilege to redeem these benefits, they will suffer a large loss each month after payment for goods sold, merchandise, supplies and the fixed expenses itemized above. The sole and ultimate affect of any disqualification of the Plaintiff from the Defendants' Program will be to put the Plaintiff out of business. The Plaintiff, ESSA M. ALI, will lose their investment in this retail food establishment. The final result will be financial disaster and ruin for the said Plaintiffs.

      13. I respectfully submit that in the absence of the temporary injunction requested herein, the Plaintiffs will suffer irreparable harm and injury. As stated, the Plaintiff's investment will be lost, years of long hours and hard work and sacrifice will be for naught, and the Plaintiff, ESSA M. ALI, will continue to be responsible and indebted to the landlord on the commercial lease without a business to generate an income to pay the rent. The decision by the Defendants is tantamount to padlocking the doors of the Plaintiff's business and putting it out of business.

      14. Furthermore, there will be other irreparable injury caused by the Defendants' decision if a preliminary injunction is not granted. The employees of the Plaintiff will be out of work. Also, members of the community where the Plaintiff's store is located will suffer by virtue of the fact that they will no longer be able to patronize this store which is open twenty-four (24) hours per day, seven (7) per week and is always available to accommodate and assist its customers.

      15. Without the relief requested herein it can only be concluded that grievous

harm and damage will be inflicted upon the Plaintiff, his employees and members of the community serviced by this food establishment.

16. As described herein, the sales that result from the Plaintiff's participation in the Supplemental Nutrition Assistance Program are extremely important, vital and essential to the success and continuation of this business. The Plaintiff keeps abreast of the SNAP Regulations, and those products that constitute eligible food items. Employees are regularly instructed concerning the acceptance of these benefits from customers. Prior to the incidents that gave rise to this action, the Plaintiff's record with the Defendants, as previously stated, was unblemished. Now, as a result of allegations that an unidentified cashier/cashiers permitted the use of SNAP Benefits on four (4) occasions, for an insignificant amount of common household items, during the incidents stated in the letter of charges, the Plaintiffs are being disqualified from participation in the "Program" after years of lawfully and properly redeeming legitimate eligible items in exchange for Food Stamps. It is inconceivable that the Plaintiffs would intentionally jeopardize their business for such an insignificant amount.

17. It is further submitted that the sanction imposed by the Defendants was arbitrary and capricious and unwarranted in law or without justification in fact.

18. It is also submitted that the Plaintiffs have a likelihood of prevailing on the merits which is a requirement under 7 U.S.C 2023(17). The Plaintiff concedes that while there is always the remote possibility that a clerk in the store may have failed to follow the SNAP Regulations, such actions were unintentional and isolated and not a function of "carelessness or poor supervision" of Plaintiff or a pattern of behavior. Furthermore, the Plaintiff, ESSA M.

ALI, clearly, cannot be in all places at all times. There are occasions that he must leave the store premises, and on those occasions the employees are left in charge. The Plaintiff himself has never been involved in any transaction where ineligible items were exchanged for EBT Benefits. While it is acknowledged that said Plaintiff as owner of the business has the ultimate responsibility and liability for the activities in said business, nevertheless, I submit that the Defendants have assumed, inferred and wrongfully concluded that someone in the Plaintiff's store disregarded his training and engaged in the illegal activity charged, and it was done with the permission, knowledge and consent of said Plaintiff. I submit that this reasoning and conclusion is improper and unfounded. I further submit that equity and fairness dictate that even if it is proven that the wrongdoing charged in this proceeding did in fact occur, the Plaintiff should be permitted to resolve this matter by at the most payment of a reasonable civil money penalty as there was certainly no intent on behalf of Plaintiffs to violate the SNAP regulations.

19. From the time of the initial investigation of the Plaintiffs' store, the Defendants were building a case against the Plaintiff. It would be expected that an investigation so important would be conducted in a thorough and very careful manner. However, the Defendants have failed to positively identify the clerks in the store who committed the alleged wrongdoings. It is significant that in a matter as important as that which is before this Court the Defendants' Investigators did not obtain the names of the clerks and merely a generic description. This affects the veracity and reliability of the investigative reports and the testimony of the said Investigators regarding the thoroughness of each transaction and investigation.

20. Of significance is the fact that on one occasion, described in Exhibit "A" of the Transaction Reports, annexed hereto as Exhibit "A" in the complaint, the Defendants'

Investigator attempted to engage the cashier in an exchange of Food Stamp for common ineligible non-food items discussion which was refused by a cashier in an effort by the Investigator to entrap this vendor. This unsuccessful attempt to even engage this cashier in such discussion of common ineligible in exchange for Food Stamp benefits, is evidence of the manner in which the Plaintiff conducts his business and the training of his employees.

21. Of additional significance is the fact that on one occasion described in Exhibit "D" of the Transaction Reports, annexed hereto as Exhibit "A" in the complaint, the Defendants' Investigator attempted to exchange SNAP Benefits for U.S. currency and was refused by the clerk, who stated "no", in his efforts to again entrap this vendor. This unsuccessful attempt to obtain cash for a Food Stamp transaction, i.e. "trafficking", is evidence of the manner in which the Plaintiff conducts his business. The store is operated as a legitimate enterprise, abides by the law, and at all times is mindful of the fact that the success and continued operation of this business is dependent upon the Plaintiff's ability to receive and redeem SNAP Benefits.

22. I further submit that the Defendants failed attempts to engage the Plaintiff in trafficking, on September 1, 2017, as in Exhibit "F", where the clerk "refused", corroborate the Plaintiff's denial of any wrongdoing in that regard.

22. A consideration of the totality of these facts result in the conclusion on judicial review that sanction imposed was arbitrary and capricious, unwarranted in law or without justification in fact and that Plaintiff has a likelihood of prevailing on the merits.

23. A weighing of the irreparable injury to be sustained by the Plaintiff if injunctive relief as requested herein is not granted, and the harm that may be caused the Defendants if the Plaintiff is not permitted to continue to participate in the Supplemental Nutrition Assistance Program, clearly balance in favor of the Plaintiff. It

is the Plaintiff who will be burdened with irreparable harm, not the Defendants, if this Court fails to grant the injunctive relief. It is requested as well that the Court consider the fairness of the situation, the Plaintiff's unblemished record in the Supplemental Nutrition Assistance Program, the inconsequential amount of money involved, and that the public interest will not be harmed, damaged or prejudiced if the injunction is granted.

24. An Order To Show Cause is requested herein since time is of the essence. The Defendants' issued a Final Agency Decision which concluded the administrative proceeding as set forth in Exhibit "E" annexed to the Complaint and was received by the Plaintiffs on or about January 4, 2021, by email. It is set forth therein that as a result, the Plaintiff will be disqualified from participation thirty (30) days from the date thereof, February 3, 2021, in the Supplemental Nutrition Assistance Program, and so immediate action to stay the disqualification is now necessary.

25. No previous application for the relief requested herein has been made.

WHEREFORE, the Plaintiffs respectfully move this Court for an order enjoining and restraining the Defendants, UNITED STATES OF AMERICA, UNITED STATES DEPARTMENT OF AGRICULTURE, FOOD AND NUTRITION SERVICE, from disqualifying the Plaintiffs from participation in the Supplemental Nutrition Assistance Program pending the trial and judicial review of the issues raised in the Complaint in this action.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on: January 18, 2021

                                                     JESS M. BERKOWITZ (JMB3316)
                                                     Attorney for Plaintiffs
                                                     Office & P.O. Address
                                                     401 Broadway, Room 806
                                                     New York, New York 10013
                                                     (917) 733-7701

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------x
ESSA M. ALI and
ESSA DELI GROCERY,

                                          Plaintiffs,

                  -against-                                  COMPLAINT

                                                                   Case No.

UNITED STATES OF AMERICA,
UNITED STATES DEPARTMENT OF AGRICULTURE,
FOOD AND NUTRITION SERVICE,

                                          Defendants.
---------------------------------------------------------------x

       The Plaintiffs, ESSA M. ALI and ESSA DELI GROCERY by their attorney, JESS M. BERKOWITZ, ESQ., complaining of the Defendants, UNITED STATES OF AMERICA, UNITED STATES DEPARTMENT OF AGRICULTURE, FOOD AND NUTRITION SERVICE, in the above-entitled action, respectfully allege as follows:

       1.  Jurisdiction over this cause is founded under Section 14 of the Food and Nutrition Act of 2008 (7 U.S.C. §2023) and Section 279.7 of the Regulations of the United States Department of Agriculture, Food and Nutrition Service (7 CFR § 279.7).

       2.  The Plaintiff, ESSA M. ALI, is a resident of the County of Queens, City and State of New York.

       3.  The Plaintiff, ESSA DELI GROCERY is an unincorporated business, with its principal place of business located at No. 66 Avenue C, New York, New York 10009 wherein it owns and operates a retail food business grocery store.

       4. The Plaintiff, ESSA M. ALI, is the sole proprietor of the Plaintiff, ESSA DELI GROCERY.

5. After establishing this business, the Plaintiff submitted an application, in March, 2014, to the United States Department of Agriculture, Food and Nutrition Service for authorization to participate as a retail vendor in the Food Stamp Program/Supplemental Nutrition Assistance Program. The Plaintiff's application was approved by the Defendants in May, 2014. Prior to the incidents that gave rise to this proceeding, the Plaintiffs' performance and record in the Food Stamp Program, Supplemental Nutrition Assistance Program has been exemplary and unblemished.

6. By letter dated August 18, 2016 annexed hereto as Exhibit "A", the Defendants informed the Plaintiffs that they were charged with violating Section 278.2(a) of Supplemental Nutrition Assistance Program (SNAP) regulations as a result of accepting Supplemental Nutrition Assistance Program Benefits in exchange for merchandise, which, in addition to eligible foods, include common non-food items on four (4) separate occasions, to wit, August 30, 2017, August 31, 2017, August 31, 2017 and September 1, 2017, and as a result, the Plaintiffs' business was being considered for disqualification from the Supplemental Nutrition Assistance Program for a period of six (6) months, or the imposition of a civil money penalty, if applicable, in lieu of the disqualification. A copy of said Transaction Reports are annexed hereto and marked Exhibit "B".

7. By letter dated October 13, 2020, the Section Chief, Retailer Operations Division of the USDA, Food and Nutrition Service, Supplemental Nutrition Assistance Program, Fredrick Conn, issued a determination that the Plaintiffs should be disqualified from participation in the Supplemental Nutrition Assistance Program for a period of six (6) months as a result of the violations set forth in the letter of charges and Transaction Reports, copy annexed hereto as Exhibit "C".

8. By letter dated October 18, 2020, Plaintiff, ESSA M. ALI, through his attorney, Jess M. Berkowitz, requested an Administrative Review of the determination to disqualify the Plaintiffs from participation in the Supplemental Nutrition Assistance Program for a period of six (6) months, copy of said letter is annexed hereto as Exhibit "D".

9. The Defendants have now rendered a decision to disqualify the Plaintiffs from participation in the Supplemental Nutrition Assistance Program for a period of six (6) months as a result of alleged sales of ineligible items in exchange for Electronic Benefit Transfer Food Benefits as contained in a Final Agency Decision letter dated December 29, 2020, a copy of which is annexed to the Complaint in this action as Exhibit "E". The Plaintiffs have at all times and continue to deny the allegations contained in the letter of charges and the Transaction Reports.

10. That subsequent to each letter or decision a response or request for review was timely taken by the Plaintiffs within the Defendants' administrative framework, and the result of these appeals or reviews was to ultimately sustain and uphold the Defendants' decision to disqualify the Plaintiffs from participating in the Supplemental Assistance Program for a period of six (6) months.

11. Such determination has been made without the Plaintiffs having been afforded the opportunity to confront and examine witnesses, review redacted information in the Defendant's reports and the investigations and documents concerning same, and receive a complete and unredacted determination of the Plaintiffs' Freedom Of Information Act Appeal so they would be furnished all discovery material that form the basis of the charges lodged against said Plaintiffs so they may adequately defend themselves.

12. This is a suit for judicial review of the determination and decision of the Defendants,

UNITED STATES OF AMERICA, UNITED STATES DEPARTMENT OF AGRICULTURE, FOOD AND NUTRITION SERVICE, in accordance with the provisions of Title 7 United States Code §2023 and §279.7 of the Regulations of the United States Department of Agriculture, Food and Nutrition Service pertaining to the Supplemental Nutrition Assistance Program.

13. The Plaintiffs categorically deny each and every charge or violation set forth by the Defendants which constitute the grounds for the Plaintiffs disqualification as participants in the Supplemental Nutrition Assistance Program for a period of six (6) months as described in the letter of charges and Transaction Reports.

14. The Defendants' decision to disqualify the Plaintiffs from participation in the Supplemental Nutrition Assistance Program is arbitrary and capricious and without merit for the following reasons:

(a) The failure of the Defendant's Investigator to obtain a positive identification during the four (4) instances wherein a clerk(s) at this vendor's store is alleged to have sold the ineligible items and where the Plaintiff denies that such a person as identified in the Transaction Reports annexed hereto as Exhibits "A" through "D", worked in the store on the dates and times in question.

(b) The fact that all the so-called ineligible items allegedly sold were inexpensive regular household items, based on and contained in the notations in the Investigative Transaction Report, annexed hereto as Exhibits "C", "D", "E" and "F".

(c) The unsuccessful attempt to have the vendor's employee engage in trafficking by obtaining U.S. currency for EBT benefits on September 1, 2017, as noted in Exhibit "F" of the Transaction Reports;

(d) The failure to provide the time spent in the store on each investigative visit, namely

the time of entry and departure, deprives the Plaintiff of the opportunity to consider whether the investigation was conducted for a sufficient period of time to be complete and thorough.

(e) The Plaintiffs have not been afforded an opportunity to confront and examine witnesses, particularly the Defendants' Investigators who investigated this business and charged Plaintiffs with the violations of the Supplemental Nutrition Assistance Program Regulations.

15.  In addition, The Defendants have failed to consider the following factors and evidence in their decision:

(a)  The Plaintiff's unblemished record as a vendor participating in the Supplemental Nutrition Assistance Program.

(b)  The sanction of disqualification from participation in the Supplemental Nutrition Assistance Program for six (6) months is excessive under the circumstances herein, if, in fact, the charges lodged against the Plaintiff are sustained.

(c)  That according to Defendant's own records, ineligible items were sold only four (4) times within a one (1) month period and were of negligible value and negligible profit.

16.  It is submitted that the redactions in the Transaction Reports and Defendant's failure to reveal the entry and departure time is designed to avoid the necessary disclosure of the period of the time the investigator spent in the store, and the true identification of the clerk since the store records would reveal who was working at the time each investigation was conducted.

17.  Where the nature and total cost of the alleged common ineligible non-food items purchased are as follows:

1. On August 30, 2017, one (1) 16 oz bottle of "Clorox" bleach, @ $ 1.49 and one (1) 14 oz can "Comet" cleanser, @ $ 1.99;

2. On August 31, 2017, one (1) roll "Scott" bathroom tissue, no price indicated and one (1) 7.5 oz bottle "Softsoap" liquid hand soap, @ $ 1.79;

    3.       On August 31, 2017, one (1) package six 10.25 in "Solo" plastic plates, @ $ 2.99, one (1) box of "Diamond" plastic spoons, @ $ 1.50 and one (1) box of "Diamond" plastic spoons, @ $ 1.50; and

    4.       On September 1, 2017, one (1) roll "Scott" bathroom tissue, no price indicated, one (1) "Scotch-Brite" scrub sponge, @ $ 1.29 and one (1) box "Gain" fabric softener sheets, @ $ 2.99.

and are of such an insignificant amount, to wit, Thirteen ($ 13.00) Dollars, particularly when compared to the Investigator's failed attempt to induce the clerk to engage in trafficking on September 1, 2017 (Exhibit "F" of the Transaction Reports, annexed hereto and marked Exhibit "B"), the penalty is excessive.

    18.  It is further submitted that such failed attempts and the incomplete and ambiguous Transaction Reports must weigh heavily in favor in the Plaintiffs. Furthermore, it is inconceivable and unreasonable to believe that this vendor would jeopardize a solvent and successful business and the source of his livelihood for the meager sum earned by the sale of these ineligible items.

    19.  That to disqualify this vendor for a six (6) month period, merely due to alleged "carelessness and poor supervision" will result in irreparable injury and damage to this Plaintiffs if this disqualification is imposed.

    20.  The Defendants' decision to disqualify the Plaintiffs from the Supplemental Nutrition Assistance Program is arbitrary and capricious and is in violation of the Defendants' own Regulations.

    21.  The Plaintiffs have exhausted all administrative remedies herein.

    WHEREFORE, the Plaintiffs' respectfully requests this Court to review and set aside the decision and determination of the Defendants, UNITED STATES OF AMERICA, UNITED STATES DEPARTMENT OF AGRICULTURE, FOOD AND NUTRITION SERVICE to

disqualify this Plaintiff from the Supplemental Nutrition Assistance Program for six (6) months and for such other and further relief as to this Court may be just and proper.

Dated:  New York, New York
        January 18, 2021

                                                                                                         _____

                                               JESS M. BERKOWITZ (JMB3316)
                                               Attorney for Plaintiffs
                                               Office & P.O. Address
                                               401 Broadway, Room 806
                                               New York, New York 10013
                                               (917) 733-7701

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------------------x
ESSA M. ALI
and ESSA DELI GROCERY,                                    Civil Action No.

                    Plaintiffs,

      -against-

UNITED STATES OF AMERICA,
UNITED STATES DEPARTMENT OF AGRICULTURE,
FOOD AND NUTRITION SERVICE,

                    Defendants.
------------------------------------------------------------------------------x

==================================================================

## ORDER TO SHOW CAUSE

==================================================================

JESS M. BERKOWITZ (JMB3316)
Attorney for Plaintiffs
Office & P.O. Address
401 Broadway, Room 806
New York, New York 10013
(917) 733-7701